No. 4201

Second Circuit

ELSTON, PRINCE & McDADE, INC., v. LYON DRUG CO.
(HICKMAN, Third Opponent)
and
MORRIS & DICKSON, LTD., ET AL. v. LYON DRUG CO. ET AL.
(RUSS MFG. CO., INC., Intervener; MRS. LENA R. HICKMAN, Intervener and Third Opponent)

(March 16, 1932. Opinion and Decree.)

Argued before DREW, McGREGOR and PALMER, JJ.

Dickson & Denny and Mabry & Carstarphen, of Shreveport, attorneys for plaintiffs, appellants.

L. B. Duke, of Benton, and Wilson & Abramson, of Shreveport, attorneys for defendants, appellees.

DREW, J. Elston, Prince & McDade, Incorporated, secured a judgment by default against the Lyon Drug Company, a commercial partnership composed of G. C. Lyons and J. F. Lyons, and against J. F. Lyons, individually, in solido in the sum of $234.45, with 5 per cent per annum interest from September 4, 1930, until paid, less a credit of $50. The judgment was rendered in a suit on open account, and was read and signed on January 26, 1931.

Morris & Dickson Company, Limited, secured a judgment against the same defendants by default in the sum of $233.32, with legal interest thereon from August 5, 1930, until paid. The judgment was rendered in a suit on open account and was read and, signed on February 12, 1931.

On December 22, 1930, J. F. Lyons, acting for and on behalf of the Lyon Drug Company, executed a chattel mortgage in favor of Mrs. Lena R. Hickman in the sum of $1,766.65, on the following described property:

"Drug store fixtures consisting of the following: 1 Soda Fountain, 5 Glass Showcases, 3 Wall cases, 1 Iron Safe, 1 Rolltop Desk, 1 Adding Machine, Stock of miscellaneous drugs, drug sundries, stationery, etc., and 1 Tudor Ford Sedan, Motor A-1772180"—as the property of the defendants Lyon Drug Company and J. F. Lyons.

The sale was advertised to take place on May 2, 1931. Morris & Dickson Company, Limited, had a fieri facias issue on its judgment and seized and had advertised for sale, as the property of the defendants Lyon Drug Company and J. F. Lyons, all furniture, fixtures, and merchandise in said defendant's store in Plain Dealing, La. The sale was advertised to take place on April 4, 1931.

On April 1, 1931, Mrs. Lena R. Hickman filed an intervention and third opposition in the case of Morris & Dickson Company, Limited, v. Lyon Drug Company, and on April 29, 1931, filed an intervention and third opposition in the case of Elston, Prince & McDade, Incorporated, v. Lyon Drug Company. Third opponent alleged in each suit that she was the holder and owner of the chattel mortgage above described, which note was secured by a chattel mortgage · on the property heretofore described. That Elston, Prince & McDade, Inc., had seized part of said property, and that Morris & Dickson Company, Limited, had seized part of it. That her lien and privilege, by virtue of said chattel mortgage, is of prior date to the judgments herein attempted to be executed. That her claim is a first mortgage, and she prayed for the proceeds of the two sales to be ordered held by the sheriff of Bossier parish, and for a rule to issue to the sheriff and the judgment creditors and the Lyon Drug Company ordering them to show cause why her lien and privilege should not be recognized and enforced with priority over all other persons; and, finally, for judgment against the Lyon Drug Company for the amount of her note, and ordering that the proceeds of the sales be applied on her judgment in preference and priority to the defendants in third opposition.

The rule was issued as prayed for, and the defendants in rule both filed exceptions of no cause of action, which were referred to the merits. Each defendant answered, admitting the seizures under the fieri facias issued and alleged that the chattel mortgage held by third opponent is null and void and of no effect as to them, for the reason that the property, as described in said chattel mortgage, is not sufficiently described to identify the property, in accordance with Act No. 198 of the Legislature of Louisiana for the year 1918; and for the further reason that the mortgagor did not comply with Act No. 270 of 1926, commonly known as the "Bulk Sales Law," and by such failure rendered said purported mortgage null and void as to them. Morris & Dickson Company, Limited, further alleged that the purported chattel mortgage was without consideration and fraudulently executed to the prejudice of it.

On the issues thus made up, the cases were consolidated for trial and tried. The lower court in a written opinion held as follows:

"Plaintiffs in the above numbered causes obtained judgments against the defendant, and had writs of fieri facias issued, and had the stock of merchandise and fixtures of the defendant seized and advertised for sale to pay their claims. Mrs. Lena R. Hickman intervened in the suits and, claiming a prior privilege, by virtue of a chattel mortgage on all the property of defendant, asked that her mortgage be recognized and enforced, and that she be paid the proceeds of the sale by preference and priority over the plaintiffs. Plaintiffs excepted to the intervention as showing no cause and no right of action, on the ground that the property was not sufficiently described, and that merchandise could not be the subject of a chattel mortgage. The exception was referred to the merits and the case tried. J. F. Lyon testified that Mrs. Hickman had loaned the firm money from time to time, which had been applied

on its debts, and that when it looked like the firm would fail, he gave her a chattel mortgage, in an effort to protect her, or in substance, that is what he said. Plaintiffs claim that the mortgage, even if valid as to description, was given in contravention of the provisions of Act No. 270 of 1926, the bulk sales law, and that it should be cancelled and erased.

"Apparently, the contention of the plaintiffs is correct on the point that the mortgage is in violation of Act No. 270 of 1926. It is my opinion, that so far as the fixtures are concerned, the mortgage sufficiently described them, but of course the merchandise could not be mortgaged. The conclusion reached relegates Mrs. Hickman to the same class of creditors as plaintiffs, and I think a proper judgment would be one in favor of Mrs. Hickman, the intervener, for the amount of the note sued on, and ordering all the property of defendant sold, and that after the payment of costs, the remainder of the money be distributed ratably between the two plaintiffs and the intervener, in the proportion that their claims bear to the proceeds of the sale."

And judgment was signed in favor of third opponent for the amount of the note sued on and ordered that all the property of the Lyon Drug Company be sold and the proceeds divided among Elston, Prince & McDade, Inc., Morris & Dickson Company, Limited, and third opponent, in proportion, to the amount of their respective claims. From this judgment both defendants in third opposition appealed from that portion of the judgment ordering a distribution of the proceeds ratably between them and third opponent.

Third opponent has not appealed or answered the appeal, and has made no appearance in this court. Therefore, the only question for determination by this court is that part of the judgment of the lower court pertaining to the distribution of the proceeds of the sale of the property seized by the two defendants in opposition.

The judgment of the lower court is, in that respect, clearly erroneous. Otherwise, the correctness of the judgment is not before us for determination.

When the lower court found the chattel mortgage to be null and void as to the seizing creditors (defendants in third opposition), it necessarily relegated third opponent, in so far as defendants are concerned, to that of an ordinary creditor, and, as said by the lower court, "the conclusion reached relegates Mrs. Hickman (third opponent) to the same class of creditor as plaintiffs (defendants in third opposition)."

Article 723 of the Code of Practice provides how the funds shall be distributed in such an instance, and reads as follows:

"When several successive seizures are made of the same property, the creditors making them are entitled to a preference over other ordinary creditors, according to the order of their seizures."

It is therefore clear that the defendants in third opposition are entitled to be paid by preference and priority over third opponent out of the proceeds of the sale of the property seized by each, and it is therefore ordered, adjudged, and decreed that the judgment, in so far as same was appealed from is reversed and that Morris & Dickson Company, Limited, are ordered paid out of the proceeds derived from the sale of that part of the property seized by it in preference and priority to third opponent and to Elston, Prince & McDade; and that Elston, Prince & McDade, Inc., are ordered paid out of the proceeds derived from the sale of the property seized by it, by preference and priority over third opponent and Morris & Dickson, Limited. The remainder, if any, to be paid to third opponent. The costs of appeal are to be paid by third opponent.